# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## NATHANIEL HENDERSON v. GLEN TURNER, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 06-02-0181 Joe H. Walker, Judge**

---

**No. W2006-02276-CCA-R3-HC  - Filed February 27, 2008**

---

The Petitioner, Nathaniel Henderson, appeals the lower court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner has failed to allege any ground that would render the judgment of conviction void. Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Robert C. Brooks, for the appellant, Nathaniel Henderson.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner, Nathaniel B. Henderson, was indicted for murder during the attempted perpetration of robbery and first degree murder. *See Nathaniel B. Henderson v. State*, No. 02C01-9507-CR-00192 (Tenn. Crim. App., at Jackson, May 24, 1996), *perm. to appeal denied,* (Tenn. Oct. 28, 1996). On December 13, 1993, he pled guilty to second degree murder. Under the plea agreement, the Petitioner was sentenced to fifty years as a Range III offender. The Petitioner later sought post-conviction relief on the basis that he was denied the effective assistance of counsel and

1

that his plea was neither voluntarily nor knowingly made. The lower court denied relief and this Court affirmed the lower court's ruling. *Id.*

On September 13, 2006, the Petitioner filed a petition for the issuance of the writ of habeas corpus. As grounds for relief, the Petitioner asserted that the guilty plea was invalid as the trial court failed to comply with the *Mackey* guidelines and that his conviction was void because counsel rendered erroneous advice regarding lesser included offenses. By order entered September 19, 2006, the lower court denied relief, making the following findings of fact and conclusions of law:

> Petitioner seeks relief based on allegations that his guilty plea was void. He has previously attacked the guilty pleas in a post-conviction hearing. *See Henderson v. State*, CCA 02C01-9507-CR-00192 (1996).
> . . .
> Petitioner's sentences have not expired. The Criminal Court has jurisdiction or authority to sentence a defendant to the sentence he received. Habeas corpus relief is not appropriate.

The Petitioner timely filed a notice of appeal document.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State,* 153 S.W.3d 16, 19 (Tenn. 2004). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn.1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn.2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The State has filed a motion requesting that this Court affirm the lower court's decision. Specifically, the State asserts that the Petitioner has failed to raise a cognizable claim for habeas corpus relief. Additionally, the State argues that the claim raised by the Petitioner was raised in

a  previous petition for post-conviction relief.  The Petitioner responds that the State's motion should be denied.  In support thereof, he argues that his sentence is void because he was sentenced outside of his offender classification.  The Petitioner's response is not well-taken.  A review  of the petition for habeas corpus relief fails to reflect that this issue was presented in the lower court.  The Petitioner may not present new issues on appeal.

The Petitioner's petition asserts two grounds for habeas corpus relief: (1) the trial court failed to comply with *Mackey* guidelines before accepting the Petitioner's guilty plea and (2) trial counsel failed to properly advise the Petitioner of lesser included offenses.  Neither of these claims are grounds cognizable in a habeas corpus proceeding because, even if true, the judgment would be rendered voidable, not void.  If the allegations in a petition for habeas corpus relief do not demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing are required and the trial court may properly dismiss the petition.  *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20 . Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____

**DAVID G. HAYES, JUDGE**

3